## RICHARDSON v. NEW YORK LIFE INS. CO. et al.

### No. 5867.

United States Court of Appeals Fourth Circuit.

Argued April 11, 1949.

Decided May 17, 1949.

James H. White, Fayetteville, W. Va. (Ned H. Ragland, Beckley, W. Va., and Mahan, White & Higgins, Fayetteville, W. Va., on brief), for appellant.

W. T. O'Farrel, Charleston, W. Va. (L. L. Scherer, Scherer, Bowers & File, Beckley, W. Va. and Jackson, Kelly, Morrison & Moxley, Charleston, W. Va., on brief), for appellees.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is an appeal from judgments for defendants in five actions on policies of insurance. The insurance companies had paid the face amount of the policies and the actions were instituted to recover under double indemnity provisions. The defense was that insured had committed suicide, a risk not covered by the double indemnity provisions, and verdict was directed for the companies on that ground. The evidence showed that the insured was found dead in his apartment, sitting on a couch, with a bullet through his brain, a bullet hole in his right temple, a pistol fully loaded, except for one discharged shell, tightly gripped in his hand, and the index finger of that hand within the trigger guard. There was evidence of smoke marks around the wound, and that the line of passage of the bullet through the head was only slightly upward, indicating that the pistol when fired was very near and on a substantial level with insured's head. There was no contradiction or explanation of this evidence, and we need not concern ourselves with questions relating to presumptions and burden of proof, about which much argument has been made. The proof of suicide was so clear as to leave no room for doubt as to what the facts were; and in such case verdict is properly directed. Jefferson Standard Life Ins. Co. v. Clemmer, 4 Cir., 79 F.2d 724, 728, 103 A.L.R. 171; Gorham v. Mutual Benefit Health and Accident Ass'n, 4 Cir., 114 F.2d 97, 100. In the case last cited, which is almost "on all fours" with the case at bar, we said: "A suicide case should be tried like any other case, and metaphysical reasoning about presumptions and burden of proof should not be permitted to obscure the real issue, as has been done in so many cases. If the evidence is conflicting, or if different inferences can reasonably be drawn from it, the case is for the jury. If, however, the evidence is so clear as to leave no room to doubt what the fact is, the question is one of law, and it is the right and duty of the judge to direct a verdict."

We note that recent West Virginia decisions accord with our decisions in the

476

Clemmer and Gorham cases. See McDaniel v. Metropolitan Life Ins. Co., 119 W.Va. 650, 195 S.E. 597; Lambert v. Metropolitan Life Ins. Co., 123 W.Va. 547, 17 S.E.2d 628; Tower v. Equitable Life Assurance Society, 125 W.Va. 563, 26 S.E.2d 512.

Affirmed.